**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| THERON RILEY, JR., | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00268-KD-B |
| | * |
| DERRICK RAY, *et al.*, | * |
| | * |
|     Defendants. | * |

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Theron Riley, Jr., who is currently incarcerated in the Escambia County Jail, filed a *pro se* complaint and two amended complaints seeking relief under 42 U.S.C. § 1983. (Docs. 1, 4, 12). In September 2025, Riley was granted permission to proceed with his lawsuit without prepayment of the filing fees (*in forma pauperis*). (Doc. 11). However, he has since failed to prosecute this action. Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority.

**I.   Background.**

In June 2025, while incarcerated in the Mobile County Metro Jail, Riley initiated this action by filing a complaint for denial of medical care against Nurse Jones and Officer Raymond Taylor of the Escambia County Jail. (Doc. 1). Riley subsequently filed an amended complaint and a motion to proceed without prepayment of

fees.  (Docs. 4, 5).  In an order dated July 25, 2025, the Court granted Riley's motion to proceed without prepayment of fees but ordered him to pay an initial partial filing fee of $31.27 by August 25, 2025.  (Doc. 7).

On August 13, 2025, Riley advised the Court that he had been transferred to the Baldwin County Sheriff's Corrections Center, and he also requested to correct the name of a misidentified defendant.  (Doc. 8).  On August 26, 2025, Riley advised the Court that he had been transferred to the Escambia County Jail, and he provided the full name of the previously misidentified defendant. (Doc. 10).  On September 2, 2025, the Court's order dated July 25, 2025 was returned from the Mobile County Metro Jail as undeliverable.  (Doc. 9).

The undersigned withdrew the undelivered order dated July 25, 2025 (Doc. 7) and replaced it with an order dated September 12, 2025.  (Doc. 11).  In the order dated September 12, 2025, the Court granted Riley permission to proceed without prepayment of fees (*in forma pauperis*) but ordered Riley to pay an initial partial filing fee of $31.27 by October 10, 2025, which was based on the average monthly deposits in his inmate trust fund account.  (Id. at 2-4). The Court ordered Riley, if he did not have the money to pay the required partial filing fee, to pay all available funds he possessed in his inmate account and file a new certified copy of his inmate account balance sheet with the Court by October 10,

2

2025.  (Id. at 4).  In the same order, the Court directed Riley to file a second amended complaint by October 10, 2025, in order to correctly identify the defendants in the action.  (Id. at 5).

Riley filed an amended complaint in compliance with the Court's order on October 7, 2025 (Doc. 12), but he did not pay the $31.27 initial partial filing fee, nor did he pay any funds to the Court or submit a new certified inmate account balance sheet or communicate with the Court in any manner.  Thereafter, by order dated January 5, 2026, the Court gave Riley a final chance to (1) pay the $31.27 initial partial filing fee, or (2) submit a new certified account statement and any available funds.  (Doc. 13).  The Court advised Riley that if could not obtain a copy of his inmate account balance sheet from his jailers, he should write to the Court and fully describe in a sworn statement made under penalty of perjury the specifics of how he attempted to obtain the required inmate account balance sheet and comply with the Court's order.  (Id. at 3-4).  Riley was ordered to comply by February 6, 2026.  (Id. at 3).  As of April 17, 2026, Riley has not complied with the Court's most recent order, nor has he filed anything further or communicated with the Court since October 2025.

## II.  Dismissal.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute and failure to comply with court orders under both Federal Rule of Civil Procedure 41(b) and its

inherent power to manage its docket.  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005); see also S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law.").  In the present action, as previously discussed, Riley has not complied with the Court's past two orders to pay the required partial filing fee of $31.27 or file a new certified account statement and pay to the Court whatever available funds he possesses in his inmate account.  Riley's deadline for compliance has long passed.  Additionally, the Court has not received any filing or correspondence from Riley in more than six months.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute and failure to comply with the Court's orders under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice.

**III. Conclusion.**

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

5

**DONE** this **17th** day of **April, 2026.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**
